IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOROTHY SMITH, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| vs. ) | **CIVIL ACTION NO. 04-0360-CG-B** |
| ) | |
| **THE ALABAMA REPUBLIC PARTY,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the court on the plaintiff's motion for relief from judgment and to amend judgment (Doc. 46). Review of the record and plaintiff's motion does not persuade the court that judgment should be set aside or amended. The court previously denied plaintiff's motions to set aside (Doc. 42 & 43) and to clarify (Doc. 44) and is not swayed by this more recent motion. As stated in this court's previous order:

> The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)). The standard of review under Rule 59(e) was summarized by this court in another case as follows:
>> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993)). Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986).

> Reconsideration of a previous order is an <u>extraordinary</u> remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. <u>Pennsylvania Ins. Guar. Ass'n v. Trabosh</u>, 812 F.Supp. 522 (E.D.Pa.1992); <u>Wendy's Int'l v. Nu-Cape Construction</u>, 169 F.R.D. 680, 684-85 (M.D.Fla.1996).

<u>Sonnier v. Computer Programs & Systems, Inc.</u>, 168 F.Supp.2d 1322, 1336 (S.D. Ala. 2001) (quoting <u>Alabama State Docks Department v. Water Quality Insurance Syndicate</u>, 1998 WL 1749263 (S.D.Ala.1998)(emphasis in original)).

(Doc. 45).

Plaintiff has not shown that the court should reconsider its prior decision. Neither clear error nor manifest injustice has been demonstrated. Therefore, plaintiff's motion for relief from judgment and to amend judgment (Doc. 46) is **DENIED**.

**DONE and ORDERED** this 6th day of June, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE